UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STONE METALS AMERICA, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MALCOLM B. EUBANK, III and ZETWERK PVT., LTD., | § § § | Civil Action No. 3:20-CV-0253-K |
| Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Ex Parte* Motion for Temporary Restraining Order (Doc. No. 4). The Court has carefully considered the motion, the relevant record, and the applicable law. Because Plaintiff failed to clearly carry its burden for issuance of a temporary restraining order without notice, the Court **DENIES** the motion.

I. **Factual and Procedural Background**

Plaintiff Stone Metals America, LLC ("Plaintiff") filed this suit against Defendant Malcolm B. Eubank, III, Plaintiff's former employee, and Defendant Zetwerk Pvt. Ltd., Defendant Eubank's new employer. Plaintiff is a supplier of mechanical parts and products, and more specifically, "is an expert at co-designing and value engineering." Defendant Eubank was a Regional Sales Manager for Plaintiff, who had access to Plaintiff's proprietary information and customers. As with all of

1

Plaintiff's employees, Defendant Eubank was required to sign a Confidential Information and Proprietary Rights Agreement ("Agreement") which specifically defines Plaintiff's proprietary and confidential information and addresses the use and disclosure of that information by its employees. Defendant Eubank worked for Plaintiff from August 2016 to November 2019, when he resigned and began work for Defendant Zetwerk, an alleged competitor of Plaintiff. Before leaving Plaintiff's employment, Defendant Eubank allegedly deleted company information both on his phone and in Plaintiff's Dropbox. Even after his last day of employment but before Plaintiff blocked his access, Defendant Eubank allegedly was able to access Plaintiff's computer system and deleted additional files in Plaintiff's Dropbox. Plaintiff alleges Defendant Eubank disclosed Plaintiff's confidential and proprietary information to Defendant Zetwerk, and both Defendant Eubank and Defendant Zetwerk (collectively "Defendants") have used this information to their benefit and Plaintiff's detriment. Finally, Plaintiff alleges that both Defendants ignored the cease and desist letter sent by Plaintiff's counsel on December 18, 2019.

II. **Applicable Law**

Rule 65(b)(1) of the Federal Rules of Civil Procedure permits a court to issue a temporary restraining order ("TRO") without notice to the adverse party or its attorney, but only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to

give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)-(B). Therefore, a TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard. *Id.* "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 7 of Alameda Cty.*, 415 U.S. 423, 439 (1974). Because a temporary restraining order, like a preliminary injunction, is an extraordinary remedy, it should not be granted unless the movant has "'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)).

### III. Analysis

To issue a TRO without notice, Rule 65(b)(1)(A) specifically requires a party to submit an affidavit or verified complaint setting forth specific facts clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." FED. R. CIV. P. 65(b)(1)(A). Plaintiff did not file a verified complaint but did file the unsworn declaration, verified as true under penalty of perjury, of Mr. Matthew Zhang, Plaintiff's authorized representative. In his declaration, Mr. Zhang states that unless Defendants are enjoined by the Court, "both

3

Defendants will be able to continue using Plaintiff's proprietary and confidential information, undercut its prices, and solicit its customers and prospective customers." Mr. Zhang goes on to state that Plaintiff will suffer irreparable harm that includes, but is not limited to, "harm to Plaintiff's business reputation, operations, profits, competition and place in the market, and loss of competitive use and value of Plaintiff's confidential, proprietary information." Mr. Zhang recites a stipulation in the Agreement in which Defendant Eubank agreed Plaintiff would suffer irreparable and continuing damage if Defendant Eubank breached the agreement. Finally, Mr. Zhang states that if Defendants are not both enjoined from using and disclosing Plaintiff's proprietary and confidential information, Plaintiff is at risk of "losing the benefits of its investment in its proprietary and confidential information, including, but not limited to, Plaintiff's customer base, business processes, and other information."

For all of his statements claiming irreparable harm resulting from both Defendants' actions, Mr. Zhang's declaration is missing the key requirement: "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." FED. R. CIV. P. 65(b)(1)(A) (emphasis added). The stringent requirements of Rule 65(b) "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438-39. Mr. Zhang offers no statement and certainly no specific facts that Plaintiff will suffer immediate and irreparable injury

4

*before* Defendants can be heard. *See Viahart, LLC v. Does 1-54*, Civ. Action No. 6:18-CV-604-RWS, 2019 WL 2127307, at *3 (E.D. Tex. May 15, 2019).

Plaintiff's Complaint alleges the TRO should issue without notice because Plaintiff's proprietary information has already been misappropriated, Defendants have ignored Plaintiff's cease-and-desist letter, Defendants will likely "destroy evidence to be used in this case, including electronic data", and "notice to Defendant Zetwerk is impractical as it is a foreign company who may be difficult to serve." Pl.'s Compl. at 20-21, ¶ 91. However, because Plaintiff did not file a verified complaint, these allegations cannot satisfy Plaintiff's burden under Rule 65(b)(1)(A). Even if the Court were to consider them, these allegations are simply general and conclusory statements that are insufficient to justify issuing the TRO without notice. *See id.* Plaintiff does not make the required showing with specific facts that will it suffer immediate and irreparable harm *before* Defendants can be heard.

Finally, it is not apparent from Plaintiff's Complaint that this Court has personal jurisdiction over Defendant Zetwerk, which is allegedly located in a foreign jurisdiction. Plaintiff's Complaint alleges Defendant Zetwerk is a foreign company "believed to be organized and existing under the laws of, and located in, the Republic of India". Plaintiff makes no allegations as to this Court's personal jurisdiction over Defendant Zetwerk. "[A] restraining order . . . is an in personam restraint issued against a party over whom the court has acquired in personam jurisdiction." *Viahart, LLC v. Does 1-73*, Civ. Action No. 6:18-CV-604-RWS, 2019 WL 6929341, at *4 (E.D. Tyler Dec. 7,

2018) (quoting 13 James Wm. Moore et al., Moore's Federal Practice § 65.61 (2018)).  Accordingly, a court should not issue a restraining order against a party over whom it lacks personal jurisdiction.  *Viahart*, 2019 WL 6929341, at *4 (citing *Am. Girl, LLC v. Nameview, Inc.*, 381 F.Supp.2d 876, 881 (E.D. Wis. 2005)).  With concerns about whether it has personal jurisdiction over Defendant Netwerk, the Court is particularly reluctant to issue a TRO as to this defendant without notice.

### IV. Conclusion

Because Plaintiff failed to satisfy its burden to clearly show with specific facts that it will suffer immediate and irreparable harm before Defendants can be heard in opposition, the Court **DENIES without prejudice** Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order.  Plaintiff may file a motion for temporary injunction and/or preliminary injunction with notice to both Defendants or after both Defendants have been served with the Complaint.

**SO ORDERED.**

Signed February 5th, 2020.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE